UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                           Plaintiff

v.                                             Criminal Action No. 3:23-cr-00054-RGJ

KEITH DOUGLAS PHILLIPS                                             Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Keith Douglas Phillips ("Phillips") moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on medical conditions [DE 70; DE 73 (supporting sealed medical records)], to amend/correct motion for compassionate release [DE 72], for a Writ/Return Defendant for a hearing, [DE 74], to appoint the Federal Defender [DE 74], to expedite, amend and supplement Defendant's motion for compassionate release [DE 77], and to again amend Defendant's motion for compassionate release [DE 79]. The United States was requested to respond to the original motion [DE 71] and filed two responses [DE 76; DE 78]. This matter is ripe. For the reasons stated below, Phillips's motion for compassionate release [DE 70], motion for a Writ/Return Defendant for a hearing [DE 74], motion to appoint counsel [DE 74], and request to expedite are **DENIED.** Philips's requests to amend and supplement [DE 72; DE 77; DE 79] are **GRANTED.**

I.   BACKGROUND

Phillips was charged with two counts of theft of government funds in violation of 18 U.S.C. § 641 and three counts of perjury in violation of 18 U.S.C. § 1621. [DE 1 at 1-3]. These charges were committed while in Bureau of Prisons ("BOP") custody for prior convictions. Following his arraignment, a detention hearing was held on May 9, 2023, before Magistrate Judge Colin H. Lindsey. [DE 8]. Phillips was ordered detained pending trial. [DE 9]. At the time of the hearing,

1

Phillips advised the Court that he suffered from several medical conditions. [DE 14 at 41]. On July 25, 2023, Philips moved to reopen his detention hearing citing a painful recovery from prostate surgery on July 20, 2023. [*Id*.]. Philips asserted that he was "experiencing significant pain from his recovery and Oldham County Detention Center is only authorized to provide him with Tylenol rather than pain medication." [ *Id*. at 42]. He also cited two new trips to the emergency room for heart issues which are actively being treated by a cardiologist. [*Id.*] Further, Philips cited the need for an additional prostate surgery and the need for an MRI on a "renal Bosniak category III cyst." [*Id.*]. Other than the lack of pain medications he did not assert that the facility was failing to provide any necessary treatment but alleged that these updates in his heath were unavailable at the time of his detention hearing. [*Id*. at 43]. The United States opposed his requests. [DE 19]. Magistrate Judge Lindsay denied Philips's motion finding that Philips failed to establish the purported inadequacy of the care beyond mere conclusory statements and has instead provided detailed facts to the contrary. [DE 28 at 105].

On September 7, 2023, Phillips moved this Court revoke his detention order due to his medical conditions and the quality of his medical care in custody. [DE 32]. He asserted that while Judge Lindsay denied his motion because his medical conditions were considered as part of his original detention, "he was not and could not be aware [at the time] of (1) the seriousness of his medical condition; (2) the treatment needed; (3) complications from his medical procedures; and/or (4) exacerbation of his medical conditions." [ *Id*. at 114].

Just a few days later, on September 14, 2023, Philips pleaded guilty to two of the five counts pending against him. [DE 36]. Then on October 16, 2023, he moved for a presentence study evaluating his medical conditions and to schedule a status conference on the pending motions. [DE 41; DE 45]. All of Philips's motions seeking release and medical evaluations were denied by the

Court and Philips was warned about his frequent badgering of Court staff by phone and other communications. [DE 47; *see also* DE 29 (warning Defendant to cease telephone contacts with Court staff from the Oldham County Jail)]. He was sentenced on December 5, 2023 to twenty-four months of custody with three years of supervised release and payment of restitution. [DE 53].

Even before filing his Notice of Appeal on December 18, 2023 [DE 57], Philips moved for release pending appeal in this instant motion on December 6, 2023. [DE 51]. The motion was denied. [DE 60]. The Sixth Circuit Court of Appeals also dismissed Philips's appeal finding that "Phillips's appeal waiver is valid and precludes our review of his challenge to the district court's denial of his request for home detention." [DE 68 at 433 (citing *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005))]. Philips's appeal was premised largely on the same issues he now seeks as grounds for compassionate release.[1]

## II. ANALYSIS

### 1. Exhaustion of Administrative Remedies.

An inmate may seek compassionate release by the district court only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see generally United States v. Smith*, No. 6:13-CR-34-KKC, 2024 WL 3566697, at *1 (E.D. Ky. July 29, 2024). The exhaustion requirement is mandatory, and the Court is bound to enforce it when it is properly invoked by the government. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). It is the defendant's burden to show that he has exhausted his administrative remedies. *United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020).

---

[1] These are also the same medical issues that were the subject of Philips's multiple motions for compassionate release in another case in this district. *See United States v. Philips,* No. 3:10-cr-75.

3

Philips submitted a request for reduction in sentence to the BOP on March 1, 2024 [DE 72 at 450], which was denied by his warden on March 6, 2024. [*Id.*]. The United States does not dispute that Philips has satisfied the exhaustion requirement.

### 2. Sixth Circuit *Jones* Analysis for Compassionate Release

A district court has limited authority to modify a sentence. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants that authority in certain limited circumstances. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction...and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *Ruffin*, 978 F.3d at 1003. "Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). That said, district courts must "supply specific factual reasons for their compassionate release decisions." *Id.* at 1101-02.

As set forth by the Sixth Circuit, the decision regarding whether to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A) involves a three-step analysis. *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i); *Ruffin*, 978 F.3d at 1004. First, a court must find whether extraordinary and compelling reasons warrant a sentence reduction or whether the defendant fulfills the

4

requirements of § 3582(c)(1)(A)(ii). *Jones*, 980 F.3d at 1108 n.12. Second, a court must find whether a reduction is consistent with applicable Sentencing Commission policy statements. *Id.* Third, a court must consider any applicable Section 3553(a) factors. Based on this inquiry the Court determines whether, in its discretion, the reduction authorized is warranted in whole or in part under the circumstances of the case. *Id.* District courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking. *United States v. Jackson*, No. 22-6097, 2023 WL 9023349, at *1 (6th Cir. Nov. 14, 2023) (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

As to the third step, consideration of the § 3553(a) factors, the Court must "consider such things as the characteristics of the defendant, the nature of the offense, and various penological goals, such as the need to promote respect for law and to protect the public." *Ruffin*, 978 F.3d at 1005; *see Jones*, 980 F.3d at 1114.

> Among the variety of items that courts have considered in this step are conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions.

*United States, v. Pooler*, No. 3:18-CR-00137, 2020 WL 7046964, at *5 (S.D. Ohio Dec. 1, 2020) (citing *Jones*, 980 F.3d at 1114; *Ruffin*, 978 F.3d at 1008-09); *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable"). But post-sentencing rehabilitation, standing alone, "does not rise to the level of

5

an extraordinary and compelling reason for granting compassionate release." *United States v. Harper*, No. 22-1291, 2023 WL 10677931, at *3 (6th Cir. Dec. 12, 2023); *Jackson,* 2023 WL 9023349, at *2 (citing *Ruffin*, 978 F.3d at 1004).

The defendant bears the burden of establishing that he is entitled to a sentence reduction under 18 U.S.C. § 3582. *See United States v. Karr*, No. 6:17-CR-25-REW, 2020 WL 774363, at *6 (E.D. Ky. Feb. 18, 2020).

### a. *Extraordinary and Compelling Justification for Compassionate Release and Consistency with Sentencing Policy Statements*

Philips argues that his myriad health conditions constitute extraordinary and compelling justification for compassionate release. [DE 70; DE 77]. In prior motions for compassionate release in *United States v. Philips,* No. 3:10-cr-75, Philips asserted that he "has heart disease, kidney cyst (presently being treated Duke Cancer Center), Hypertension, Diabetes, Cirrhosis Liver, Chronic pain syndrome, portal hypertension, benign hypotrophy of prostate, osteoarthrosis, never pain, hypothyroidism, disorder of pancreatic internal secretion, hyperlipidemia, cataracts, atherosclerosis, low back pain, abdominal pain, hematuria, hyperglycemia and other conditions in remission." [*United States v. Philips,* No. 3:10-cr-75 at DE 416]. In his current motions he asserts that he has kidney cancer [DE 77 at 477], cardiac problems including "silent heart attacks," "A-fibs" and "high blook pressure" [DE 77 at 478; DE 70 at 437], incontinence [DE 77 at 479; DE 70 at 437], memory loss [DE 77 at 479; DE 70 at 438], seizures [DE 70 at 437], "GI and respiratory problems" [DE 70 at 437], and that his "'self-care' has diminished seriously." [DE 77 at 479]. He asserts that the treatment he needs will not be completed before his proposed release date, and therefore, he "would have to start all [his] doctors appointments, -- procedures all over again. This is a total waste of taxpayer money." [DE 70 at 437]. Philips does not assert that he is not being

treated or being seen by appropriate specialists, only that his treatments will not be complete at the time of his release.

Philips fails to provide any evidence that FCI Butner Medium II ("FCI Butner") is unable to care for his medical conditions, and as a result he has failed to show any extraordinary or compelling reasons for release. There is also no indication in the medical records that Phillips has had a difficult time receiving appropriate treatment for his chronic conditions, or that his conditions are not being managed by staff at FCI Butner . *See e.g., United States v. Sexton*, No. 2:19-cr-192, 2021 U.S. Dist. LEXIS 7217, at *6 (S.D. Ohio Jan. 14, 2021) (denying motion for compassionate release when prisoner failed to provide the court with evidence "that he requested and was denied necessary care."); *United States v. Rodriguez-Campana*, 519 F. Supp. 3d 1159, 2021 WL 602607, at *4-5 (S.D. Fla. 2021) (denying motion for compassionate release for an inmate who suffered from hypertension, high cholesterol, prediabetes, and had a history of lung problems because he had failed to demonstrate that "any of his present ailments are terminal, that they substantially diminish his ability to provide self-care within the correctional facility, or that they are not being properly attended to by the BOP"); *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019)(denying compassionate release because "[c]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release.").

Moreover, Philips's medical conditions were well known to the Court before sentencing and were repeatedly asserted to be worsening, although still being properly treated. As a result, Philips has failed to show that his medical care rises to the level of an extraordinary and compelling reason for early release. *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) ("McKinnie's hypertension and obesity are not new developments; these facts were before the district court at

7

the time of his sentencing. But facts that existed at the time of sentencing do not constitute an extraordinary and compelling reason warranting a subsequent sentence reduction.").

As to his alleged inability for care for himself, there is no evidence in the medical records that he is having such difficulty with self-care that release is the only appropriate action. [DE 73]. In fact, his own statements are completely at odds with such an assertion. Philips's motion asserts that he is ready to "go back to work and continue to be a productive member of society." [DE 77 at 482]. If Philips is able to go back to work and be a productive member of society then he is not having such difficulty with self-care that he is incapable of remaining in BOP care.

As to Philips's requests to supplement with new and additional arguments—such as his continued assertions that he merely made an "honest mistake," [DE 77 at 479], that the Social Security Administration "never asked that [Philips] be criminally charged," [*id.* (underlining in original)], and that there are "[d]ocuments clearly show[ing] the Defendant is innocent and he should be accordingly be released immediately from custody," [DE 79 at 494]—these arguments are inappropriate for grounds for a compassionate release motion. *See generally*, 28 U.S.C. § 2255.

### b. Section 3553(a) Factors

This Court must also consider "all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones,* 980 F.3d at 1114. Section 3553(a)'s factors include:

> The nature and circumstances of the offense and the history and characteristics of the defendant and the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant.

18 U.S.C. § 3553(a)(1-2).

8

A court need not "specifically articulat[e]" every single Section 3553(a) factor in its analysis. *Jones,* 980 F.3d at 1114 (internal quotation and citation omitted). Instead, the record "as a whole" must confirm that the pertinent factors were considered by the court. *Id.* For a reviewing court, the record as a whole will constitute both the original sentencing proceeding and the compassionate release decision. *Id*. at 1112.

Here, the Section 3553(a) factors counsel against compassionate release. Phillips has a long criminal history that includes a number of serious crimes. Moreover, he committed the instant offenses while in custody on other charges, adding points to his criminal history score and ultimately placing him at a criminal history category of VI at the time of sentencing. Prior criminal justice sentences have not deterred Phillips from continued criminal activity. A sentence reduction at this time would certainly create a disparity in sentences and not achieve the deterrence objectives of 18 U.S.C. § 3553(a). He further has still not taken responsibility for his criminal behavior. [*See* DE 79]. After reviewing the Presentence Investigation Report ("PSR") and statement of reasons and judgment, the Court's sentence adequately reflected the seriousness of the offenses, promoted respect for the law, provided just punishment, afforded adequate deterrence of future criminal conduct, and protected the public from future crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). The Court's analysis on these factors remains unchanged from that at sentencing. This Court concludes that Phillips's crime, as well as his criminal history and repeated convictions for the same or similar offense, are of serious concern to the community. The Court therefore finds that the retribution, deterrence, incapacitation, and rehabilitation interests served by the original sentence counsel against early release in this case.

Although Phillips has asserted in prior motions that because his charges are non-violent offenses, "there is simply no evidence that Mr. Phillips is dangerous," several courts have rejected

this argument. [DE 32 at 115]; *see United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) (recognizing that a defendant convicted of financial crimes posed a danger to community, as "danger may, at least in some cases, encompass pecuniary or economic harm"); *cf. United States v. Tragas*, No. 09-20023-10, 2020 WL 5064383, at *7 (E.D. Mich. Aug. 27, 2020) (denying defendant's motion for compassionate release because "[w]hile defendant has no violent criminal history," his extensive fraudulent activity rendered him an economic danger to the community).

As a result, Philips's motions requesting compassionate release must be denied.

### 3. Appointment of Counsel and Other Motions.

Phillips requests appointment of counsel, for a writ to be brought back to this district, and a hearing. [DE 74]. There is no entitlement to appointment of counsel post-trial, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), including for proceedings under 18 U.S.C. § 3582(c). *United States v. Prater*, No. 7:15-11-DCR-3, 2020 U.S. Dist. LEXIS 90385, at *3 (E.D. Ky. May 22, 2020). A district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." In exercising discretion on whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

Upon review, the Court finds that the issues involved in seeking compassionate release are not complex or beyond the capability of an ordinary *pro se* litigant and that Phillips's filing reflects his ability to present his claims to this Court. The motion for appointment of counsel will therefore be denied. *See United States v. Schliebener*, No. 3:16-CR-134-CRS, 2020 WL 3862246, at *4 (W.D. Ky. July 8, 2020) (denying motion for appointment of counsel in compassionate release

proceeding). As the issues are not complex, there is also no need for an in-person hearing or to be brought back to this district.

### III.    CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Philips's requests to amend and supplement [DE 72; DE 77; DE 79] are **GRANTED.**

**IT IS FURTHER ORDERED** that Philips's motion for compassionate release [DE 70], motion for Writ/Return Defendant for a hearing [DE 74], motion to appoint counsel [DE 74], and request to expedite are **DENIED.**

August 7, 2024

Rebecca Grady Jennings, District Judge
United States District Court