UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA     Plaintiff

v.     Criminal Action No. 3:23-cr-00054-RGJ

KEITH DOUGLAS PHILLIPS     Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Keith Douglas Phillips ("Phillips") moves for release pending the resolution of his § 2255 Motion. [DE 86]. The United States responded in opposition. [DE 88]. This matter is ripe. For the reasons stated below, Phillips's motion [DE 86] is **DENIED.**

**I.   BACKGROUND**

Phillips was charged with two counts of theft of government funds in violation of 18 U.S.C. § 641 and three counts of perjury in violation of 18 U.S.C. § 1621. [DE 1 at 1-3.] Following his arraignment, a detention hearing was held on May 9, 2023, before Magistrate Judge Lindsey [DE 8]. Phillips was ordered detained pending trial. [DE 9]. At the time of the hearing, Phillips advised the Court that he suffered from several medical conditions. [DE 14 at 41]. On July 25, 2023, Phillips moved to reopen his detention hearing citing a painful recovery from surgery on his prostate on July 20, 2023. [DE 14]. Magistrate Judge Colin H. Lindsay denied Phillips's motion finding that Phillips failed to establish the purported inadequacy of the care beyond mere conclusory statements. [DE 28 at 105].

On September 7, 2023, Phillips moved this Court revoke his detention order due to his medical conditions and the quality of his medical care in custody. [DE 32]. Just a few days later, on September 14, 2023, Phillips pleaded guilty to two of the five counts pending against him. [DE 36]. Then on October 16, 2023, he moved for a presentence study evaluating his medical conditions

and to schedule a status conference on the pending motions. [DE 41; DE 45]. All Phillips's motions seeking release and medical evaluations were all denied by the Court and Phillips was warned about his frequent badgering of Court staff by phone and other communications. [DE 47; *see also* DE 29 (warning Defendant to cease telephone contacts with Court staff from the Oldham County Jail)]. He was sentenced on December 5, 2023 to 24 months of custody with three years of supervised release and payment of restitution. [DE 53].

Even before filing his Notice of Appeal on December 18, 2023 [DE 57], Phillips moved for release pending appeal on December 6, 2023 [DE 51]. Such motion was also denied, [DE 60] as was his appeal [DE 68].

## II.     DISCUSSION

A grant of bail pending the resolution of a habeas petition is discretionary with the district court. *Morgan v. United States,* No. 93-2267, 1994 WL 182141 *1 (6th Cir. May 11, 1994); *Landano v. Rafferty,* 970 F.2d 1230, 1238 (3d Cir.1992). To demonstrate release on bond pending a decision on the merits of a habeas petition, a prisoner must be able to show not only a substantial claim of law based on the facts surrounding the petition, but also the existence of circumstances making the motion for release on bond exceptional and deserving of special treatment in the interests of justice. *See Morgan,* 1994 WL 182141 *1; *Dotson v. Clark,* 900 F.2d 77, 78-79 (6th Cir.1990). There will be few occasions where a prisoner will meet this high standard. *Dotson,* 900 F.2d at 79. 79 (quoting *Aronson v. May,* 85 S.Ct. 3, 5 (1964)). Exceptional circumstances must exist to warrant granting bail, along with a substantial likelihood of success in the § 2255 motion. *See Dallo v. INS,* 765 F.2d 581, 589 (6th Cir.1985) (§ 2241 petition).

Although Phillips insists that his motion to vacate under § 2255 is meritorious, he offers no facts that would suggest the existence of "exceptional circumstances" that would deserve

2

special treatment in the form of release on bail during the pendency of these proceedings. *Borders v. United States*, No. CIVA 2:09-CV-616, 2010 WL 1817980, at *1 (S.D. Ohio Apr. 7, 2010), *report and recommendation adopted*, No. CIVA 2;09-CV-616, 2010 WL 1817978 (S.D. Ohio Apr. 30, 2010). The arguments that Phillips does present in this motion are factors to be considered as a basis for granting or denying a writ of habeas corpus, rather than factors to be considered in a bail decision. *Morgan,* 1994 WL 182141 *1 (citing *Landano,* 970 F.2d at 1241).

In fact, many of the arguments Phillips asserts in this motion have already been made and denied by the Court of Appeals in Phillips's original appeal. [DE 68 at 433]. Specifically, the Court of appeals stated:

> As for any claims of ineffective assistance of counsel or prosecutorial misconduct, the current record does not support relief on either of these grounds. Furthermore, a motion under 28 U.S.C. § 2255, rather than a direct appeal is generally the preferred mode for raising a claim of ineffective assistance of counsel." *United States v. Ferguson,* 669 F.3d 756, 762 (6th Cir. 2012).

[*Id.*] But Phillips was already one step ahead planning his next appellate filing. The Sixth Circuit noted that "[i]n a letter, Phillips asks this court to appoint another attorney to prepare a § 2255 motion to assert ineffective assistance of counsel. Phillips should return to the district court to file a § 2255 motion and request appointment of counsel." [*Id.*]. And now Phillips has filed a § 2255 motion titled "Pro Se Expedited Emergency Motion to Vacate under 28 U.S.C. 2255." [DE 83]. As this Court has already denied Phillips's prior motion for bail pending appeal [DE 60] and the issues and arguments are much the same and have already been heard and rejected, this motion too must fail for the identical reasons. *See Cherek v. United States,* 767 F.2d 335, 337 (7th Cir.1985).

As Phillips has made no showing of exceptional circumstances and as these arguments do not present a substantial likelihood of success on the merits as discussed in this Court's prior order

for release pending appeal [DE 60] and discussed in the appellate denial [DE 68], Phillips's motion for release pending resolution of his § 2255 motion must be denied.

### III. CONCLUSION

For the reasons set forth above, IT IS ORDERED that Phillips's Motion For Release Pending Resolution of § 2255 Motion [DE 86] is **DENIED**.

cc.     Defendant, pro se